**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JERMAINE MICHAEL JACKSON ) | |
|  ) | Civil Action No. 3:25-cv-241 |
| Plaintiff, ) | District Judge Nora Barry Fischer |
|  ) | Magistrate Judge Keith A. Pesto |
| v. ) | |
|  ) | |
| SERGEANT NEYMAN, ) | |
| UNIT MANAGER J. MCCAULLEY, and ) | |
| LIEUTENANT S.R. WOOMER, ) | |
|  ) | |
| Defendants. ) | |

**ORDER OF COURT**

AND NOW, this 17th day of February, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith Pesto on January 16, 2026, (Docket No. 11), recommending that after screening Plaintiff Jermaine Michael Jackson's Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) and § 1915A, that the Complaint be dismissed, with prejudice, and without leave to amend, as any amendment would be futile, and Plaintiff's Objections which were filed on February 4, 2026, (Docket No. 12), and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (Docket No. 11), which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that Plaintiff's Objections [12] are OVERRULED for the reasons set forth in the Report and Recommendation. Concerning his specific objections, Plaintiff has failed to demonstrate that he has stated a plausible § 1983 claim for Failure to Protect pursuant to the Eighth Amendment and for First Amendment Retaliation. Liberally construing Plaintiff's Complaint, Plaintiff is unable to nudge his claims from possible to plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A careful review of Plaintiff's factual allegations, taken as a whole, suggest that he was a prolific filer of grievances against prison staff. *See*

Complaint, Docket No. 5 at 7. Specifically, Sergeant Neyman's statement in front of inmates that Plaintiff was a "rat" and a "snitch," refers to his snitching on corrections officials. As such, Plaintiff's allegations do not rise to the level of a constitutionally cognizable violation as a matter of law. *See Jackson v. O'Brien*, Case No. 1:18-cv-32, 2021 WL 3174687, at *4 (W.D. Pa. July 27, 2021) ("An officer complaining publicly that an inmate is snitching on him or other corrections officers . . . does not, without more, create a substantial risk of serious harm to an inmate[,]" as opposed to when an officer reveals in front of other inmates that a fellow inmate is informing on them.). Similarly, these same references to Plaintiff as a "rat" or "snitch" will not support the adverse action element of a retaliation claim, for the same reasons. *Id.* at *5 ("[A]n inmate of ordinary firmness does not experience an adverse action when a prison official calls him a snitch for officially or unofficially complaining about prison officials."). Plaintiff's allegations that Neyman sent a prisoner to his cell with a DC-138 cash slip for $25,000 in exchange for a grievance form suggests only verbal harassment and/or threats which do not rise to the level of an Eighth Amendment violation. *See Tate v. Wiggins*, 805 F. App'x 159, 164 (3d Cir. 2020) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment")). Relatedly, Plaintiff's allegation that on a day in August 2023, Neyman sent an inmate to Plaintiff's cell to take his mattress because he did not stand for count and that the inmate was ordered to "beat Plaintiff up if he didn't comply," cannot state a constitutionally cognizable claim for two reasons. First, a threat standing alone will not raise an Eighth Amendment claim. *See Tate*, 805 F. App'x at 164. Second, the alleged deprivation of Plaintiff's mattress for a day in August is *de minimus* and will not support a First Amendment retaliation claim. *See McKee v. Hart,* 436 F.3d 165, 170 (3d Cir. 2006) (An adverse action "need not be great in order to be actionable" but must be "more

than *de minimus*."); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (An Eighth Amendment conditions of confinement claim requires that "the deprivation alleged must be, objectively, 'sufficiently serious'[.]"). Any attempt to amend these claims would be futile as a matter of law. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).

IT IS FURTHER ORDERED that Plaintiff's Complaint [5] is DISMISSED, with prejudice and leave to amend is denied;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District Judge

cc/ecf:  United States Magistrate Keith Pesto

      Jermaine Michael Jackson
      LA 5158
      SCI Houtzdale
      P.O. Box 1000
      209 Institution Drive
      Houtzdale, PA 16698-1000
      (first class mail)